### In re WILLIS AVE. BRIDGE ACROSS HARLEM RIVER.

(Supreme Court, Special Term, New York County.  July 4, 1900.)

EMINENT DOMAIN (§ 237*)—PROCEEDINGS TO TAKE PROPERTY—MOTION FOR SUPPLEMENTAL REPORT BY COMMISSIONERS.

Greater New York Charter (Laws 1901, p. 613, c. 466) § 1438a, provides that upon submission of the report in condemnation proceedings the court shall either confirm the same in whole or in part, or refer it back to the commissioners, or to new commissioners. Commissioners having filed their final report, and a motion having been made to confirm the same, a property owner, before the time fixed for hearing the motion, claiming to be aggrieved by the commissioners' action, applied for an order requiring them to make a supplemental report, stating certain details bearing upon the principle adopted in making their final award, including an itemized valuation of certain land under water, the pier thereon, and wharfage rights, all of which the commissioners had excluded from the award on the ground that the owner either had no title or would enjoy an equivalent benefit. *Held,* that all such matters properly belonged to the hearing on the motion to confirm.

[For other cases, see Eminent Domain, Dec. Dig. § 237.*]

Condemnation proceedings, pursuant to Laws 1894, p. 286, c. 147, as amended by Laws 1897, p. 905, c. 664, to acquire lands for the Willis Avenue Bridge across the Harlem river. The commissioners having filed their final report, and a motion having been made to confirm the same, a property owner, before the time for hearing, moved for an order requiring the commissioners to make a supplemental report. Motion denied.

See, also, 111 App. Div. 285, 97 N. Y. Supp. 503.

BEEKMAN, J.  This is a proceeding which has been instituted for the condemnation of certain lands in the city of New York, pursuant to authority in that behalf conferred under chapter 147, p. 286, of the Laws of 1894, entitled "An act to provide for the construction of a bridge over the Harlem River in the city of New York," as amended by chapter 664, p. 905, of the Laws of 1897. Commissioners have been duly appointed for the purposes of the proceeding, and, having filed their final report, a motion has been made by

the corporation counsel for the confirmation of the same. This application is now made on behalf of a property owner, claiming to be aggrieved by the action of the commissioners, for an order requiring them to make a supplemental report, which shall state certain details bearing upon the principle adopted by them in making their final award, including an itemized valuation of certain land under water, the pier constructed thereon, and certain wharfage rights, all of which the commissioners have excluded from the award in favor of said property owner on the ground that he has either no title to the same or that he will enjoy an equivalent for them when the improvement in contemplation has been made.

This application is made before the time fixed for the hearing upon the motion to confirm the report, and the point is made in limine by the corporation counsel that all of these matters properly belong to the hearing on the motion to confirm, and that the court should not undertake in any way to review the action of the commissioners upon such an application as this. I think that the point is well taken. That the court has entertained such applications is true; but, so far as I have been able to discover, they have always been made at the time the report was before the court on the motion to confirm, and as an incident to the due exercise of the powers then vested in the court with respect to such report. Section 1438a of the Greater New York charter (Laws 1901, p. 613, c. 466), which is applicable to this proceeding, provides that, upon the submission of the report, the court shall either confirm the same in whole or in part, or refer the same back to the same commissioners for revisal and correction, or to new commissioners to be appointed for that purpose, and that, upon being so returned, the same shall be confirmed or again referred by the court as justice may require. It is, I think, plain that the statute contemplates that a return of the report to the commissioners, or any other direction which may be desirable to be given to them in order to make their report more complete, should emanate from the court when confirmation is asked, and really as a part of the proceedings then to be had.

At that time all of the parties interested in any way in the proceeding are present and have an opportunity to be heard, so that, should the court deem it necessary or desirable to require a further report from the commissioners, it would then be in a position to give a single direction in that regard which would meet the demands of all the property owners claiming to be aggrieved on any ground. Any other practice than this might involve repeated directions to the commissioners to make supplemental reports, or to change or modify the report as made, according to the number of aggrieved property owners who might at different times see fit to make separate and independent applications to the court of the nature of the one now before me. The purpose of this application is to secure certain statements and particulars from the commissioners, in order to facilitate the presentation of objections which have been made to their award. Whether they should be furnished or not is a matter which chiefly concerns the justice before whom the motion for confirmation is made. With the entire report then before him, and with full power to act upon the same as prescribed by statute, it is for him

to determine what additional information the commissioners should give in order to enable him to satisfy the demands of justice in disposing of the matters in controversy.

Although the views thus expressed lead to a denial of the motion, I may perhaps properly add that the elaborate opinion which has been filed by the commissioners, explanatory of their action, indicates the principles upon which they proceeded in making their award with sufficient clearness to afford a basis for a review of their action in that regard.

Motion denied.